RECEIVED
2005 MAY 20 A 9:36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NEAL SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 3:05cv468-F |
| EVAN WILLIAMS, | ) |
| Defendant. | ) |

## ANSWER

**COMES NOW** the Defendant, Evan Williams, in the above-styled cause, and in answer to the plaintiff's summons and complaint and to each count and paragraph thereof, sets forth and assigns the following separate and several defenses:

1. The Defendant denies the allegations made the basis of paragraph one of the complaint and demands strict proof thereof.

2. The Defendant denies the allegations made the basis of paragraph two of the complaint and demands strict proof thereof.

3. The Defendant denies the allegations made the basis of paragraph three of the complaint and demands strict proof thereof.

### DEFENSE ONE

The Defendant says that the plaintiff's complaint fails to state a claim upon which relief can be granted as to this Defendant.

### DEFENSE TWO

The Defendant denies each and every material allegation of the plaintiff's complaint

and thereby pleads the general issue.

## DEFENSE THREE

The Defendant pleads "not guilty".

## DEFENSE FOUR

The Defendant denies that he negligently, wantonly or wrongfully caused or contributed to the accident, injuries and damages complained of.

## DEFENSE FIVE

The Defendant says that the Plaintiff was guilty of negligence or other wrongful conduct on the occasion complained of and this Defendant pleads the defense of "contributory negligence".

## DEFENSE SEVEN

The Defendant says that an award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to thia Defendant under the Constitution of the State of Alabama.

## DEFENSE EIGHT

The Defendant says that an award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to thia Defendant under the Constitution of the United State of America.

## DEFENSE NINE

The Defendant says that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the

2

United State of America in that punitive damages are vague and are not rationally related to legitimate government interests.

### DEFENSE TEN

The Defendant says that any award of punitive damages to the plaintiff in this cause would be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person should be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### DEFENSE ELEVEN

The Defendant says that any award of punitive damages to the plaintiff in this case would be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment tot he Constitution of the United States of American in that punitive damages are penal in nature and, consequently, these defendants are entitled to the same procedural safeguards accorded to criminal defendants.

### DEFENSE TWELVE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

### DEFENSE THIRTEEN

It is violative of the Self-Incrimination Clause of Article I, Section 6 of the Constitution of the State of Alabama, to impose against this Defendant punitive

3

damages, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

### DEFENSE FOURTEEN

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant, which are penal in nature, by requiring a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### DEFENSE FIFTEEN

The Defendant says that any award of punitive damages to the plaintiff in this case would be violative of the Eighth Amendment to the Constitution of the United States of America in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### DEFENSE SIXTEEN

The Defendant says that any award of punitive damages to the plaintiff in this case would be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that it would provide damages to the plaintiff in excess of the amount determined to be appropriated under the formula adopted by the Alabama Legislature in 1981 in §27-1-17, Code of Alabama (1975), as amended

### DEFENSE SEVENTEEN

The Defendant says that the punitive damage cap set forth in Section 6-11-21, Code

4

of Alabama (1975) as amended, applies to the claims of the Plaintiff in this case and the Defendant pleads the provisions of said Statute as a defense on his behalf.

### DEFENSE EIGHTEEN

The Defendant pleads the defenses and protections afforded pursuant to Sections 6-5-218 and 6-5-221, Code of Alabama (1975), as amended.

### DEFENSE NINETEEN

The Defendant says that any award of punitive damages to the Plaintiff is limited by the holding of the United States Supreme Court in State farm Automobile Insurance Company v. Campbell, 2003 WL 1791206 (United States Supreme Court, April 7, 2003).

### DEFENSE TWENTY

The Defendant reserves the right to amend his answer as necessitated or warranted by discovery.

**THE DEFENDANT DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.**

_____
William A. Mudd
Alabama State Bar No.: ASB-4274-U79W

Attorney for the defendant described as
Evan Williams

OF COUNSEL:

SADLER ❖ SULLIVAN, P.C.
2500 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203-5203
Tel:   (205) 326-4166
Fax:   (205) 324-3418

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the United States Mail, properly addressed and first-class postage prepaid on this the ___ day of _____, 2005.

ATTORNEYS OF RECORD:

Mr. John A. Tinney
P. O. Box 1430
739 Main Street
Roanoke, AL 36274
(334) 863-8945

OF COUNSEL

6