IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NEAL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:05-cv-468-F |
| | ) | WO |
| EVAN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Upon consideration of the Motion to Remand filed by the plaintiff on June 7, 2005 (Doc. # 5), the affidavit of plaintiff Neal Smith[1] (Doc. # 11), and the Defendant's response thereto acknowledging that the case should be remanded (Doc. # 12), it is hereby

---

[1] It is clearly established in the Eleventh Circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, "'the jurisdictional facts that support removal must be judged ***at the time of the removal***, and any post petition affidavits are allowable ***only if relevant to that period of time***.'" *Id.* (quoting *Allen v R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added)). Under *Sierminski*, affidavits filed by plaintiffs in cases may be considered in determining jurisdiction to the extent that they clarify the Complaint by identifying that the amount in controversy was not in excess of $75,000 at the time the case was removed and will not be in excess of $75,000 in the future. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303-1304 (M.D. Ala. 1999) (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000.). Such affidavits should establish that, at the time the complaint was filed, plaintiffs did not seek more than the jurisdictional amount and that plaintiffs will not accept a jury award for more than the jurisdictional amount. The court notes that, although not required, some plaintiffs even agree in their affidavits to an irrevocable cap on damages of $74,999, exclusive of interest and costs. In the case *subjudice*, the affidavit submitted by plaintiff Neal Smith satisfies these requirements. (*See* Doc. # 11).

ORDERED that the motion to remand (Doc. # 5) is GRANTED. Accordingly, the above-styled lawsuit is hereby REMANDED to the Circuit Court of Randolph County, Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Randolph County, Alabama.

DONE this 23rd day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE